UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CINDY ANN WILKINSON

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 12-59-BAJ-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 30, 2013.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CINDY ANN WILKINSON

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 12-59-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Cindy Ann Wilkinson brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income ("SSI") benefits.

For the reasons which follow the Commissioner's decision should be reversed.

**Background**

Plaintiff was 49 years old at the time of the hearing decision. Plaintiff attended school until the ninth grade and her past work consisted of brief employment in 2001 as a data entry clerk and sales receptionist.[1] AR pp. 108, 128-30, 148, 152. Plaintiff applied for SSI benefits on June 3, 2009 and in her

---

[1] Plaintiff's age placed her in the category of a younger person, and her educational level is classified as limited. 20 C.F.R. § 416.963(c); 20 C.F.R. § 416.964(b)(3).

application claimed that she has been disabled since September 1, 1998 due to a combination of severe impairments: failed back syndrome, nerve damage, osteoporosis, arthritis, and heart problems. AR pp. 108-114, 146-47.[2] Plaintiff's application was initially denied and the plaintiff requested a hearing before an administrative law judge ("ALJ").

An ALJ hearing was held on and the ALJ issued an unfavorable decision. AR pp. 5-15, 31-60, 70-86. The ALJ found that the plaintiff had a combination of severe impairments - degenerative disc disease, history of herniated nucleus pulposus, status post back surgery, and hypertension - but they did not meet or medically equal the criteria of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff could do any past relevant work or other work in the national economy. The ALJ found that the plaintiff had the residual functional capacity to perform sedentary work as defined in the regulations,[3] except that the plaintiff must

---

[2] Plaintiff previously applied for and received disability benefits, but the benefits were terminated in November 2008. AR p. 123.

[3] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and
(continued...)

have the option to stand every hour for up to three minutes. AR pp. 21-22.

The ALJ concluded that the past work performed by the plaintiff was done for such a short period of time it did not meet the criteria of "past relevant work," under the regulations.[4] 20 C.F.R. § 416.965. Based on the testimony of the vocational expert, Crystal Manor, the ALJ determined that the requirement that the plaintiff be able to stand after 60 minutes of sitting did not materially erode the base of sedentary occupations. The ALJ concluded that a finding of not disabled was warranted based on the framework of Medical-Vocational Rule 201.24. AR pp. 26-27, 51-54.

Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied the request. AR pp. 1-5. Plaintiff then filed this petition for judicial review challenging the Commissioner's determination that he is not disabled.

### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to

---

[3](...continued)
other sedentary criteria are met. 20 C.F.R. § 416.967(a) (definition of sedentary work).

[4] AR pp. 26, 128.

support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence are for the Commissioner and not the court to resolve.  *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal

4

standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test

results.  For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing.  An impairment that exhibits only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 416.925.

The burden of proving disability rests on the claimant through the first four steps.  At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work.  If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy.  *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

## Analysis

Plaintiff did not object to the ALJ's findings at steps one, two, or four of the disability analysis.  The specific claims of error raised by the plaintiff are as follows:  (1) the ALJ failed to properly analyze why the plaintiff did not meet the requirements of Listing 1.04A, 20 C. F. R. Part 404, Subpart P, Appendix 1.; (2) the ALJ did not comply with 20 C.F.R. § 416.927 - he improperly rejected the opinion of the plaintiff's treating physician Dr.

6

Charles Tessier without good cause; (3) the ALJ's RFC finding is not supported by substantial evidence; and, (4) the vocational expert testimony relied on by the ALJ failed to carry the Commissioner's burden of proof at the fifth step to establish that the plaintiff can do other work.

Review of the administrative record as a whole and the analysis below demonstrates that one of these claims of error has merit. This error requires reversal of the Commissioner's final decision and a remand so the Commissioner can correctly evaluate the plaintiff's claim for SSI benefits and issue a new decision.

**1. The ALJ did not commit reversible error at step three, or by giving no weight to the opinion of the plaintiff's physician, Dr. Tessier.**

Plaintiff argued that the ALJ committed reversible error by failing to properly analyze whether her impairment met the requirements of Listing 1.04A.[5] According to the plaintiff, the

---

[5] The relevant portion of Listing 1.04 is as follows:
   Listing 1.04 - *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.
    With:
         A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

7

ALJ's lack of explanation for rejecting evidence which showed her spinal condition satisfied this listing warrants reversal and remand.

Although the ALJ did not specifically mention Listing 1.04A in his step three analysis, the ALJ did cite to *Audler v. Astrue*,[6] and explained that the medical evidence in the record did not support a finding the plaintiff's impairments met the listing criteria. To the extent the ALJ erred by not adequately analyzing or citing to Listing 1.04A, any such error was harmless.[7]

The ALJ gave a reason for his adverse determination at step three. Moreover, the portions of the record cited by the plaintiff and which the plaintiff contended support a disability finding under Listing 1.04A, do not in fact support such a determination.[8] For example, the portions of the record relied on by the plaintiff

---

[6] 501 F.3d 446, 448 (5th Cir. 2007). In *Audler*, the Fifth Circuit held that although an ALJ is not always required to do an exhaustive point-by-point discussion of the evidence supporting his finding at the third step, it is error for an ALJ to offer nothing to support his conclusion. Nevertheless, the court stated that if error is determined on this ground, the court must still consider whether the error was harmless. In *Audler* the court found that the error was not harmless because the record contained uncontradicted evidence that the claimant met the listing requirements. *Audler*, 501 F.3d at 448-49.

[7] "Procedural perfection in administrative proceedings is not required" so long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

[8] Record document number 14, Plaintiff's Memorandum in Support of Appeal, p. 6, citing AR pp. 173, 203, 221, 261, 292, 294.

did not include medical evidence which showed the existence of "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss." Since the plaintiff failed to point to medical evidence which demonstrates she satisfies Listing 1.04A., the ALJ's failure to specifically refer to Listing 1.04A., or set out a more detailed basis for his finding at step three, did not affect the plaintiff's substantial rights, and therefore is harmless error.[9]

Plaintiff's claim that the ALJ improperly considered and weighed the opinion of Dr. Tessier is also unsupported.

Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). An ALJ is free to reject the medical opinion of any physician when the

---

[9] *See Audler*, 501 F.3d at 449; *Garcia v. Astrue*, 2012 WL 13716 (S.D.Tex. Jan. 3, 2012); *Smith v. Astrue*, 2012 WL 3779146 (E.D.La. Aug. 13, 2012)(where record did not demonstrate plaintiff could meet burden of demonstrating that listing requirements were satisfied, ALJ's failure to set out a sufficient basis for his decision at step three is harmless error).

evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981).

The regulations also explain that a medical sources's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. § 416.927(d). Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner. 20 C.F.R. § 416.927(c)and (d)(1)-(3); *Newton*, 209 F.3d at 456; *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Applying these legal principles, the plaintiff's argument that the ALJ improperly weighed Dr. Tessier's opinion and rejected it without good cause is not supported by the regulations and the case law. First, Dr. Tessier's statement in his treatment notes on March 12, 2010 that the plaintiff "is totally disabled," is not a medical opinion, but a statement on an issue reserved to the Commissioner. AR pp. 292, 482.[10] Therefore, the ALJ was not required to evaluate it using all of the factors listed in the

---

[10] The record contains some duplicate copies of Dr. Tessier's records. The record reflects only about six months of treatment by Dr. Tessier - October 21, 2009 to March 12, 2010. AR pp. 482-94.

regulations. Second, even if the statement is considered a medical opinion, there was good cause and substantial evidence to support the ALJ's decision not to give it any weight. AR p. 25.

Dr. Tessier's opinion was plainly conclusory. It was unsupported by his own treatment notes and other medical evidence contained in the record. For example, the statement was inconsistent with other notations where he wrote that the efficiency and adequacy of the plaintiff's treatment was good, and with medication the plaintiff did not have any decrease in her quality of life. Also absent from Dr. Tessier's records were any references to objective medical findings or tests that supported his statement that the plaintiff was disabled.

The ALJ did not commit reversible error at step three. Nor did he err in giving no weight to Dr. Tessier's conclusory opinion that the plaintiff is totally disabled.

**2. Review of the administrative record as a whole establishes that there is a lack of substantial evidence to support the ALJ's RFC finding.**

The RFC finding is the foundation of the determinations at steps four and five of the disability analysis.[11] Plaintiff argued that the ALJ's RFC finding was not supported by substantial

---

[11] The residual functional capacity determination is used at the fourth step to determine whether the claimant can do her past relevant work, and at the fifth step to determine if the claimant can adjust to other work in the national economy. 20 C.F.R. § 416.920(e).

evidence.  According to the plaintiff, the ALJ rejected the opinions of the state agency adjudicator as well as the opinion of Dr. Tessier, and then impermissibly relied on his own unsupported medical opinions to make the factual findings as to the plaintiff's residual functional capacity.  In support of this argument the plaintiff relied on the Fifth Circuit's decisions in *Ripley v. Chater*[12] and *Williams v. Astrue*.[13]  Defendant contended that the ALJ correctly assessed the plaintiff's RFC.  Defendant pointed to the RFC assessment by the state agency adjudicator, and asserted that this lay evidence "provides evidence supporting the ALJ's determination."[14]

Given the ALJ's analysis and the decisions in *Ripley* and *Williams*, the record as a whole supports the plaintiff's argument that the ALJ's RFC finding is not supported by substantial evidence.

Under *Ripley*, the absence of a medical source statement describing the types of work that a claimant can do does not, by itself, make the record incomplete or the decision not supported by substantial evidence.  When there is no medical source statement, the court must focus on whether substantial evidence in the existing record supports the ALJ's assessment of the plaintiff's

---

[12] 67 F.3d 552, 557-58 (5th Cir. 1995).

[13] 355 Fed.Appx. 828, 832(5th Cir. 2009).

[14] Record document number 18, Defendant's Reply Brief, pp. 8-9.

residual functional capacity.  It is apparent from the ALJ's decision that he rejected both Dr. Tessier's statement of total disability and the the state agency adjudicator's RFC assessment.[15] Since these were the only statements in the record, the only conclusion is that the ALJ simply relied on all the medical and other evidence to come up with his own opinions as to the limitations caused by the plaintiff's impairments.  The medical records and plaintiff's testimony generally showed that the plaintiff had a history of chronic low back, hip and leg pain as a result of herniated discs and back surgery in 1999 and 2000.  The records also showed the plaintiff received treatment for other conditions - hypertension, high cholesterol, low thyroid, osteoporosis, migraine, chronic sinusitis, and double hernia repair.  From this evidence the ALJ concluded that the plaintiff was able to perform sedentary work as defined in the regulations, with the option to stand up for three minutes each hour. AR p. 22. Review of this evidence shows that it is the same kind of evidence that the Fifth Circuit found insufficient in *Ripley* and *Williams*.

It is evidence which shows to some extent the nature of the plaintiff's impairments, but it does not contain opinions or descriptions of the effects of the plaintiff's conditions on her ability to perform work-related activities.  The absence of such

---

[15] AR pp. 248-55 (Physical Residual Functional Capacity Assessment 8/4/2009 by single decisionmaker Alana McLaren).

13

evidence leads to the conclusion that the ALJ impermissibly relied on his own unsupported opinion as to the limitations caused by the plaintiff's impairments. This is contrary to the Fifth Circuit's decisions in *Riley* and *Williams*, in which the court stated that an "ALJ may not - without opinions from medical experts - derive the applicant's residual functional capacity" based solely on the evidence of the claimant's medical conditions.[16] Given the holding and reasoning of *Ripley* and *Williams*, the ALJ's RFC finding was not supported by substantial evidence.[17]

Noticeably, the defendant did not claim that the lay opinion of the state adjudicator constitutes substantial evidence, but stated only that it provides evidence supporting the ALJ's determination. To uphold the ALJ's finding the law requires not merely evidence, but substantial evidence. Moreover, this opinion is not from an acceptable medical source, which under the regulations is needed to assess the claimant's residual functional capacity.[18] The ALJ recognized this in his decision and specifically stated that he gave it "no medical evidentiary

---

[16] *Williams*, *supra*, n. 6.

[17] *See also*, *Brumfield v. U.S. Commissioner of Social Security*, 2012 WL 820000 (W.D. La. Feb. 7, 2012), report and recommendation adopted, 2012 WL 819956 (W.D. La. March 7, 2012)(where none of the medical evidence indicated the claimant's strength limitations, ALJ's conclusion claimant could do light work not supported by substantial evidence).

[18] 20 C.F.R. §§ 416.913(b); 416.927(a)-(e); 416.945.

14

weight." AR p. 26. Thus, the defendant's argument that the ALJ's finding should be upheld because the lay evidence from the state agency adjudicator supports it, is unpersuasive.[19]

The RFC finding is critical to the disability analysis. At the fifth step, whether the plaintiff can engage in alternative work that exists in the national economy is based on this finding. Therefore, the lack of substantial evidence to support the RFC finding means that at the final step of the disability analysis the decision of the Commissioner denying the plaintiff's disability claim is not supported by substantial evidence and must be reversed.

Because the ALJ's error requires remand for reevaluation of the plaintiff's RFC, it unnecessary to address the plaintiff's argument that the vocational testimony failed to carry the Commissioner's burden of proof at the fifth step.[20] Nevertheless, a review of the ALJ's fifth step analysis shows that it is not entirely clear what evidence the ALJ relied on to make his finding

---

[19] *See*, *Guillot s. Astrue*, 2010 WL 797669 (W.D. La. March 3, 2010), citing, *Ripley* and *Williams*, *supra*. In *Guillot* the court found no substantial evidence to support the RFC determination, where the ALJ relied on evidence of the claimant's impairments and an assessment from a non-physician state agency adjudicator, and the record did not contain any assessment of the effects the impairments had on the claimant's RFC by an acceptable medical source or other corroborating evidence.

[20] Record document number 14, pp. 11-13. Plaintiff argued that the ALJ erroneously relied on vocational testimony which did not refer to the number of date entry clerk jobs in the region or national economy.

- Medical-Vocational Guideline Rule 201.24 or the vocational evidence.[21] On remand if a determination is made at the last step of the disability analysis, the Commissioner should make clear the evidentiary basis for the finding at the fifth step.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. §405(g), the final decision of the Commissioner of Social Security Michael J. Astrue denying the application for supplemental security income ("SSI") benefits filed by plaintiff Cindy Ann Wilkinson be reversed, and that this matter be remanded to the Commissioner for reevaluation of the plaintiff's claim for benefits.

Baton Rouge, Louisiana, August 30, 2013.

                                               */s/ Stephen C. Riedlinger*
                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

---

[21] The ALJ stated that a finding of "not disabled" was appropriate under the "framework" of the cited Rule 201.24. However, he appeared to directly apply the rule based on the vocational testimony that the plaintiff's sit/stand option did not materially erode the base of sedentary occupations. AR pp. 26-27.